**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 22-0713 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Jennifer M.'s ("Plaintiff")[1] appeal from the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying her request for disability insurance benefits. (*See generally* Compl., ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court affirms the Commissioner's decision.

**I.     BACKGROUND**

In this appeal, the Court must determine whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

A.  **Procedural History**[2]

On November 5, 2019, Plaintiff filed an application for Title II Disability Insurance Benefits, alleging disability beginning December 1, 2016. (AR 62.) Plaintiff's claim was initially denied on April 1, 2020, and upon reconsideration on June 2, 2020. (*Id.*) Thereafter, Plaintiff testified at a telephonic hearing before the ALJ on January 12, 2021. (*Id.*) After this hearing, on February 2, 2021, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled. (*Id.* at 73.) On December 15, 2021, the Social Security Administration's Appeals Council denied a request for review, making the ALJ's decision final.[3] (*Id.* at 1-4.) This action followed. (*See generally* Compl.) On January 11, 2023, Plaintiff submitted her moving brief in this action. (*See generally* Pl.'s Moving Br., ECF No. 13.) The Commissioner opposed (Def.'s Opp'n Br., ECF No. 14), and Plaintiff replied (ECF No. 15).

B.  **The ALJ's Decision**

In the ALJ's February 2, 2021, written decision, the ALJ found that Plaintiff was not disabled under the prevailing Social Security Administration's regulations. (*See generally* AR 62-73.) The ALJ set forth the Social Security Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 63-64.) At step one, the ALJ found that Plaintiff did not "engage in substantial gainful activity" during the relevant period. (*Id.* at 64.) At step two, the ALJ determined that Plaintiff suffered from some severe impairments, including: osteoporosis, other and unspecified arthropathies, and generalized anxiety disorder. (*Id.*) The ALJ

---

[2] The Administrative Record ("AR") is located at ECF Nos. 7 through 7-11. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

[3] Any reference to "Agency" throughout refers to the Social Security Administration.

also determined that other impairments claimed by Plaintiff did not rise to the required level of severity and were categorized as non-severe. (*Id.* at 64-65.)

While the ALJ did classify some impairments as severe, the ALJ concluded at the step-three analysis that none of Plaintiff's severe impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 65-66.) The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, specifying Plaintiff can:

> [N]ever climb ladders, ropes, or scaffolds. She can frequently handle and finger with the left hand. The claimant can never work at unprotected heights; and can occasionally be exposed to extreme cold. She can perform simple, routine tasks; make simple work-related decisions; and have occasional contact with the public, and frequent contact with supervisors and co-workers. Additionally, she is limited to work not involving a production line.

(*Id.* at 66.) At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.* at 71-72.) At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (*Id.* at 72-73.)

## II.  **LEGAL STANDARD**

### A.  **Standard of Review**

On appeal from the final decision of the Commissioner, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted).

      **B.**    **Establishing Disability**

To be eligible for disability insurance benefits, a claimant must be unable to "engage in any substantial gainful activity [("SGA")] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). The burden of persuasion rests with the

claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

For the first step, the claimant must establish that she has not engaged in any SGA since the onset of her alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). If the first two steps are satisfied, the third requires the claimant to provide evidence that her impairment "meets or equals" an impairment listed in Appendix 1. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates sufficient evidence under the third step, she is presumed to be disabled and is automatically entitled to disability benefits. *See id.* If she cannot so demonstrate, however, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Under the fourth step, the ALJ determines whether the claimant's RFC permits her to resume her previous employment. *See* 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can continue the work that she performed pre-impairment, then she is not "disabled" and not entitled to disability benefits. *See* 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(g).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with her RFC, age, education, and past work experience. *See id.*; *Malloy*, 306 F. App'x at 763. If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. *See* 20 C.F.R. § 404.1520(g).

### III.   DISCUSSION

Plaintiff appeals the ALJ's decision and raises three main arguments in support of remand or reversal. (Pl.'s Moving Br. 11-19.) First, Plaintiff asserts that the ALJ failed to properly evaluate Plaintiff's fibromyalgia. (*Id.* at 11-13.) Second, Plaintiff alleges that the ALJ improperly ignored

5

opinion evidence and gave significant weight to the non-examining physician's opinions without adequate reasoning. (*Id.* at 14-18.) Third, Plaintiff claims that the ALJ failed to properly consider the combination of all of Plaintiff's impairments. (*Id.* at 19.)

As explained in detail below, the Court concludes that the ALJ's decision is supported by substantial evidence.

### A.     The ALJ Correctly Determined that Plaintiff Did Not Demonstrate a Medically Determinable Impairment of Fibromyalgia.

Plaintiff contends that the ALJ failed to properly evaluate Plaintiff's fibromyalgia. (Pl.'s Moving Br. 11.) Plaintiff, specifically, takes issue with the following statement by the ALJ (made in reference to Plaintiff's fibromyalgia): "We would evaluate whether there is a history of widespread pain, at least 11 positive tender points on physical examination, and evidence that other disorders that could cause the symptoms or signs were excluded." (*Id.* at 12 (quoting AR 68).) Plaintiff explains that there are two different sets of criteria used to establish a medically determinable impairment ("MDI") of fibromyalgia and argues that the ALJ failed to consider the second set of criteria, which does not require "tender points." (*Id.* at 11.)

Contrary to Plaintiff's assertion, a plain reading of the written decision reveals that the ALJ did consider this issue before making the findings. In particular, the ALJ noted that Plaintiff sought marijuana for a fibromyalgia diagnosis (amongst other conditions), but the medical record did not meet the requirements of SSR 12-2p,[4] as necessary to find an MDI of fibromyalgia. (AR 68.) Plaintiff focuses on whether the ALJ properly considered tender points, however, Plaintiff cannot escape the fact that the ALJ found that the record did not demonstrate "evidence that other disorders that could cause the symptoms or signs were excluded." (*Id.*) This is fatal to an MDI of

---

[4] Social Security Ruling, SSR 12-2p, provides guidance on how to develop evidence to establish that a person has an MDI of fibromyalgia, and how to evaluate fibromyalgia in disability claims. SSR 12-2p, 2012 WL 3104869, at *3 (July 25, 2012).

6

fibromyalgia regardless of which criteria set the ALJ considered. SSR 12-2p, 2012 WL 3104869, at *3 (explaining that one of the requirements in establishing that a claimant's fibromyalgia is an MDI is that other disorders that could have caused the symptoms or signs were excluded). And even beyond the ALJ's decision, a mere diagnosis of fibromyalgia does not mean that the fibromyalgia is an MDI. *See id.* at *2 ("We cannot rely upon the physician's diagnosis alone.") Here, the ALJ also went further noting that during Plaintiff's visit for medical marijuana, "a physical examination . . . reflected intact sensation and motor testing in both of the extremities, and a normal gait." (AR 68.)

The Court, accordingly, finds that the ALJ's evaluation and findings regarding Plaintiff's fibromyalgia were supported by substantial evidence.

      **B.**     **The ALJ Properly Evaluated Dr. Jamie Rygielski's Opinion Evidence.**

Plaintiff contends that the ALJ failed to properly evaluate Dr. Jamie Rygielski's ("Dr. Rygielski") opinion evidence. (Pl.'s Moving Br. 14-18.) Contrary to Plaintiff's assertions, the ALJ did properly consider the opinion from Dr. Rygielski and substantial evidence supported his conclusion that the opinion was not persuasive. (AR 70-71.)

Revised regulations, found at 20 C.F.R. § 404.1520c, significantly alter how the Social Security Administration considers medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). The revised regulations have eliminated deference to the claimant's treating doctor and explain that ALJs will not assign specific evidentiary weight to any medical opinion. 82 Fed. Reg. at 5853; 20 C.F.R. § 404.1520c(a). Specifically, for claims filed on March 27, 2017, or later, as is the case here, the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior

administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ will evaluate the persuasiveness of a medical opinion based on the opinion's supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). These are the two most important factors in the analysis. 20 C.F.R. §404.1520a. ALJs "may, but are not required to," explain how they considered other regulatory factors. 20 C.F.R. § 404.1520c(b)(2).

Here, the ALJ properly discussed the supportability and consistency of Dr. Rygielski's medical opinion. The ALJ specifically stated that the limitations Dr. Rygielski attributed to Plaintiff were "neither supported by explanation, nor consistent with the record as a whole." (AR 70-71.) The ALJ provided examples of these inconsistencies. The ALJ noted Dr. Rygielski's opinion that Plaintiff could not twist, stoop, or crouch, however, physical examinations "were essentially normal with a normal gait, and intact sensation and motor testing in the upper extremities." (*Id.* at 71.) The ALJ also noted that Dr. Rygielski recommended that Plaintiff have no exposure to heat and avoid "moderate exposure to wetness, humidity, noise, and irritants such as fumes, odors, dusts, gases, and poor ventilation." (*Id.*) The ALJ, however, found no support for this opinion in the medical record, where there were no impairments to Plaintiff's respiratory system and no impairments that would limit Plaintiff's exposure to noise. (*Id.*)

The ALJ properly considered the opinion evidence of Dr. Rygielski according to the required standard and found that it was not persuasive considering other evidence in the record. (*See generally* AR 70-71.) The ALJ appropriately addressed the medical opinion evidence and gave his reasons for rejecting certain medical opinions. *See Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981) ("[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph" will suffice). The Court, accordingly, finds that the ALJ's conclusion that Dr. Rygielski's opinion evidence was unpersuasive is supported by substantial evidence.

### C.     The ALJ Properly Evaluated Plaintiff's Impairments in Combination.

Plaintiff asserts that the ALJ did not properly consider Plaintiff's combination of impairments in the analysis. (Pl.'s Moving Br. 19.) The ALJ stated that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 65.) Plaintiff argues that this statement was conclusory. (Pl.'s Moving Br. 19.) Plaintiff, however, ignores the analysis that led to the ALJ's conclusion. (*See* AR 64-71.)

The opinion of the ALJ is "read as a whole" to understand the factors considered in the decision. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Here, the ALJ conducted a full analysis of Plaintiff's impairments, symptoms, and medical history to reach this conclusion. (*See generally* AR 64-71.) The ALJ specifically evaluated Plaintiff's non-severe impairments, concluding that "the evidence of record establishes that the claimant has not sought, required, or received ongoing treatment for any symptomatology associated with these impairments." (*Id.* at 64-65.) The ALJ further noted that the record does not establish that Plaintiff suffered from these conditions for a period of twelve continuous months or have more than a minimal effect on Plaintiff's ability to work, as required to be eligible for disability insurance benefits. (*Id.* at 65; *see also* 42 U.S.C. § 423(d)(1)(A).)

The ALJ's finding that Plaintiff's combination of impairments did not meet or medically equal the severity of the listed impairments was far from conclusory and was supported by substantial evidence.

### IV.     CONCLUSION

For the foregoing reasons, the Court affirms the Commissioner's decision. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
